# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JORDAN MAHAN, for himself and on behalf of those similarly situated,

    Plaintiff,

vs.

Case No.: 2:25-cv-1055

MHC AREA 8, LLC d/b/a HAVEN HOME HEALTH CARE, a Florida Limited Liability Company,

    Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JORDAN MAHAN ("Plaintiff"), for himself and on behalf of those similarly situated, by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, MHC AREA 8 d/b/a HAVEN HOME HEALTH CARE ("DEFENDANT"), and in support thereof states as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, for himself and on behalf of all similarly situated persons employed by Defendant arising from Defendant's recurrent and willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Defendant employed Plaintiff and other Physical Therapists in Florida, but failed to pay them the appropriate overtime pay in overtime weeks as required by

the FLSA. Plaintiff refers to the group of Physical Therapists Defendant employed as "those similarly situated" throughout this Complaint.

3. Plaintiff and those similarly situated regularly worked over forty hours in a workweek, but were not paid overtime premiums for their overtime hours.

4. Defendant's practice of failing to compensate Plaintiff and those similarly situated overtime premiums for all their hours worked over forty (40) each workweek violates the overtime provisions of the FLSA.

5. Plaintiff further brings this action to recover unpaid back wages owed to himself and those similarly situated within the three years preceding the date this Complaint is filed, as the result of Defendant's failure to pay all overtime wages owed.

6. Because Plaintiff was terminated when, and because, he requested to be paid overtime, Plaintiff also brings this action to recover damages for Defendant's violation of Section 215(a)(3) of the FLSA.

## JURISDICTION AND VENUE

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorneys' fees and costs, as well as damages for retaliation under the FLSA.

8. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida.

## **PARTIES**

10. At all times material to this action, Plaintiff was, and continues to be, a resident of Lee County, Florida.

11. At all times material to this action, Defendant was, and continues to be, a Florida Limited Liability Company. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, with a principal place of business in Sarasota County, Florida.

12. At all times material hereto, Defendant was an "employer" as defined by 29 U.S.C. § 201, et seq.

13. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

14. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

15. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

16. At all times material to this action, Defendant was, and continues to be, an an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material to this action, Defendant had numerous employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, telephones, medical supplies and equipment, which were used directly in furtherance of Defendant's commercial activity of running a home healthcare company.

## STATEMENT OF FACTS

19. In or around Mid-October 2024, Defendant hired Plaintiff to work as a Physical Therapist. Plaintiff was employed by Defendant in this position through April 12, 2025.

20. Plaintiff's job duties were to perform physical therapy services for Defendant's clients in their homes, and included, but were not limited to, evaluating, supervising, and treating patients.

21. Between Mid-October 2024 and April 12, 2025, in many workweeks, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

22. Specifically, Plaintiff generally worked over eight hours per day and generally worked six or more days per week.

23. Defendant did not track Plaintiff's work by the hour. Rather, it assigned points, called productivity points, for each appointment he completed.

24. Plaintiff was paid a flat sum for each week once he hit his assigned productivity points.

25. In addition to the actual appointments Plaintiff attended, he was required to drive between appointments and to complete several hours of paperwork at home each day.

26. Defendant did not track or record any of Plaintiff's drive time or paperwork time.

27. Between at least Mid-October 2024 and April 12, 2025, Defendant failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

28. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA.

29. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

30. Defendant has violated Title 29 U.S.C. §207 during the term of Plaintiff's employment, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendant failed to keep accurate time records as required by the FLSA.

31. Defendant's failure to compensate Plaintiff at one and one-half times his

5

regular rate of pay for hours worked in excess of forty (40) hours in a workweek was knowing or in reckless violation of the law, as Defendant knew or with reasonable diligence should have known that its employees should be paid overtime premiums for overtime hours, including because Plaintiff specifically complained about not being paid overtime premiums.

32. Plaintiff complained to Defendant about the unlawful failure to pay required overtime premiums.

33. Defendant initially stated that it would look into the issue, and made a partial payment of Plaintiff's owed overtime wages.

34. Defendant's payment covered neither all overtime owed to Plaintiff, nor any liquidated damages owed to Plaintiff.

35. Plaintiff then requested specific documentation regarding his hours worked and the manner in which the back payment was calculated, as he knew he had not been paid for all of his overtime hours.

36. Plaintiff was terminated the following day, solely due to his complaint about unpaid overtime.

## COLLECTIVE ACTION ALLEGATIONS

37. Those similarly situated to Plaintiff were also physical therapists who worked for Defendant and performed the same or similar job duties as one another in that they provided physical therapy services to Defendant's clients in their homes.

38. Defendant did not track the work of those similarly situated by the hour. Rather, it assigned points, called productivity points, for each appointment they

completed.

39. Those similarly situated to Plaintiff were also paid a flat sum for each week once they hit their assigned productivity points.

40. In addition to the actual appointments that those similarly situated attended, they were required to drive between appointments and to complete several hours of paperwork at home each day.

41. Defendant did not track or record any of the drive time or paperwork time for those similarly situated to Plaintiff.

42. Defendant failed to compensate those similarly situated to Plaintiff at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

43. Those similarly situated to Plaintiff should be compensated at the rate of one and one-half times their regular rate of pay for those hours that they worked in excess of forty (40) hours in a workweek, as required by the FLSA.

44. Plaintiff and those similarly situated were subjected to the same pay provisions and policies that failed to compensate them at time and one half of the regular rate of pay for overtime hours, as a result of Defendant's common policies and practices of failing to track employee hours and failing to include any overtime premiums in employee pay.

45. Defendant's uniform method of payment to Plaintiff and those similarly situated resulted in a violation of the FLSA's requirement to pay overtime premiums.

46. These policies and practices were applicable to Plaintiff and those similarly

situated.

47. Accordingly, the Putative Collective is properly defined as:

**All "Physical Therapists" who worked for Defendant in Florida in one or more workweeks in the three years prior to the date the Complaint in this matter was filed, and who reached their assigned productivity points in one or more of those workweeks.**

48. Defendant knowingly, willfully, or with reckless disregard carried out its unjust pattern or practice of failing to pay overtime wages with respect to Plaintiff and the putative collective members, as Defendant knew or with reasonable diligence should have known, that overtime compensation was due to its Physical Therapists, including because Plaintiff complained about the failure to pay overtime premiums.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**Plaintiff for himself and on behalf of those similarly situated against Defendant**

49. Plaintiff re-alleges paragraphs 1 through 48 of the Complaint, as if fully set forth herein.

50. In the three years preceding this Complaint, Plaintiff and those similarly situated worked in excess of forty (40) hours in one or more workweeks for which Plaintiff and those similarly situated were not compensated at the statutory rate of at least one and one-half times the regular rate of pay.

51. Plaintiff and those similarly situated were, and are, entitled to be paid at the statutory rate of at least one and one-half times the regular rate of pay for those

hours worked in excess of forty (40) hours.

52. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or with reasonable diligence should have known, such was, and is, due.

53. Defendant failed to properly disclose or apprise Plaintiff and those similarly situated of their rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

55. Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RETALIATION IN VIOLATION OF §215(a)(3)
### Plaintiff, for himself, against Defendant

56. Plaintiff re-alleges and incorporates paragraphs 1 through 36 of the Complaint, as if fully set forth herein.

57. Plaintiff complained to the Defendant about their unlawful failure to pay required overtime premiums.

58. Plaintiff was terminated solely due to his complaint about Defendant's unlawful failure to pay proper overtime premiums.

59. Defendant discriminated and retaliated against Plaintiff in violation of 29 U.S.C. §215(a)(3) because he complained about Defendant's unlawful failure to pay overtime premiums.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages, including lost wages and compensatory damages.

WHEREFORE, Plaintiff prays for the following relief:

A. An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

B. An Order requiring Defendant to provide contact information for members of the class/collective sufficient to send the notice as described above.

C. An Order appointing Plaintiff as the Lead Plaintiff and his counsel as Collective Counsel to represent the interest of the putative collective;

D. An award to Plaintiff and those similarly situated overtime compensation in the amount due to them for time worked in excess of forty (40) hours in a workweek;

E. An award of all economic damages Plaintiff suffered as a result of his retaliatory termination, including but not limited to back pay and front pay;

F. An award of all compensatory damages Plaintiff suffered as a result of his retaliatory termination;

G. An award of an equal amount as liquidated damages on all amounts

awarded under the FLSA;

H. An award of Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

I. An award of Plaintiff pre-judgment interest on any amounts as to which liquidated damages are not awarded;

J. A judgment against Defendant for violating 29 U.S.C. §215(a)(3) and 29 U.S.C. §207; and

K. Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 19th day of November 2025.

        Respectfully Submitted,

        _____
        Angeli Murthy, Esquire, B.C.S.
        FBN: 088758
        Morgan & Morgan, P.A
        8151 Peters Road
        Suite 4000
        Plantation, FL 33324
        Tel: 954-327-5369
        Fax: 954-327-3016
        E-mail: amurthy@forthepeople.com
        *Trial Counsel for Plaintiff*